## HIRSCHBERG v STEPHEN

Ohio Appeals, 1st Dist, Butler Co

No 664.   Decided Nov 7, 1935

Philip Posner, Cincinnati, for plaintiff in error.

· Millikin, Schotts & Reister, Hamilton, for defendant in error.

## OPINION

By ROSS, PJ.

The question presented is whether the weighing was for the vendor or vendee.

An examination of the record causes us to conclude that the trial court reached a correct conclusion in determining that such weighing was done for the vendor, defendant. The truck in question was operated by his employe. The only connection the vendee had with the transaction was to advise the employee of the defendant where he could find scales satisfactory to the vendee, and to call the plaintiff to see if he would weight the iron. The plaintiff testified:

"A. We got the entry Cincinnati Iron and Metal Company, shipped to H. P. Deuscher Foundry Company. We expect the man that sells the goods to pay for weighing it. That is customary."

There is nothing in the record to show that the right to control the physical actions of the employe of defendant ever ceased, or that such right was transferred to the vendee. Another factor is important. The damage was caused by the use of a

large truck, which with the load of iron constituted a gross weight, many times that which the scales could carry and the employe of defendant knew this, having been advised, as before stated, by plaintiff of the maximum load permitted by the size of the scales. The first few loads were delivered in a small truck. It was this truck the vendee saw. There is no evidence that the employes of the vendee ever saw the large truck. The load was taken directly from the place of business of vendor to the scales of plaintiff.

The judgment is affirmed.

MATTHEWS and HAMILTON, JJ, concur.